UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LERON "ROCKY" TURNER | : | |
| 4628 Prescott Ave. | | Case No.: 3:26-cv-00096 |
| Dayton, Ohio 45406 | : | Judge: THOMAS M. ROSE |
| | | Magistrate Judge: PETER B. SILVAIN, |
| Plaintiff. | : | JR |
| | | |
| v. | : | |
| | | |
| MARRRIOTT INTERNATIONAL, INC. | : | |
| Attn: CORPORATION SERVICE | | |
| COMPANY | : | |
| 1160 Dublin Rd, Ste 400 | | |
| Columbus, OH 43215 | : | |
| | | |
| and | : | |
| | | |
| MOHAMMED RAOOF PATEL | : | |
| 3465 Pebble Creek Dr | | |
| Beavercreek, OH 45432 | : | |
| | | |
| and | : | |
| | | |
| S & G 2, LLC, c/o AJAY D. PATEL | : | |
| 9477 Ridings Blvd. | | |
| Dayton, OH 45458 | : | **AMENDED COMPLAINT FOR** |
| | | **VIOLATIONS OF TITLE II OF THE** |
| and | : | **CIVIL RIGHTS ACT OF 1964,** |
| | | **THE CIVIL RIGHTS ACT OF 1866,** |
| 2677 HOSPITALITY, LLC, c/o AJAY | : | **THE OHIO CIVIL RIGHTS ACT,** |
| D. PATEL | | **THE THIRTEENTH AMENDMENT,** |
| 9477 Ridings Blvd. | : | **AND STATE TORT LAW** |
| Dayton, OH 45458 | | |
| | : | **JURY TRIAL DEMANDED HEREIN** |
| Defendants. | | |

---

**COMPLAINT**

Now comes Plaintiff, Leron "Rocky" Turner ("Plaintiff"), by and through counsel, and for

his Complaint states the following:

**INTRODUCTION**

1

1. Plaintiff brings this civil action for damages, injunctive relief, and declaratory relief against Defendants, Marriott International, Inc., Mohammed Raoof Patel, S & G 2, LLC, and 2677 Hospitality, LLC (collectively the "Defendants"), to seek redress for violations of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Ohio Civil Rights Act, and Ohio tort law.

2. This is an action to vindicate the rights of Plaintiff as he and his family sought hotel accommodations and services on Super Bowl Sunday with Defendants, and instead of honoring Plaintiff's reservation, Defendant Patel rescinded the reservations immediately upon learning that Plaintiff was Black.

3. Defendants do not permit Black, African American families to stay in their TownePlace Suites By Marriott of Dayton-Beavercreek because as Defendant Patel puts it, they "smoke weed," "drink," and "do drugs."

4. Defendant Patel spoke with corporate staff of Defendants on the day in question and then decided to call the Beavercreek Police Department in a final attempt to harass, intimidate, and interfere with Plaintiff's rights to fair and equal hotel services and accommodations.

5. Rather than honor Plaintiff's hotel reservations, Defendant Patel denied Plaintiff services and accommodations and treated Plaintiff like a criminal merely because he is a Black man.

6. Defendants, Marriott International, Inc, S & G 2, LLC, and 2677 Hospitality, LLC, endorsed the intentional discrimination by Defendant Patel and have a policy and practice to deny Black residents of Miami Valley hotel services, lodging, and accommodations.

7. The actions, policies and practices of Defendants, as alleged herein, are reminiscent of the very type of discrimination in public accommodations against Black, African American people which Congress passed Civil Rights Acts to eradicate, both in 1866 and 1964.

8. Plaintiff now brings this Complaint seeking monetary, injunctive, declaratory, and any other relief that he is entitled to in this action.

## JURISDICTION AND VENUE

9. Jurisdiction is appropriate in that this civil action is brought under Title II of the Civil Rights Act, the Civil Rights Act of 1866, and the Thirteenth Amendment to the U.S. Constitution.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the complaint raises federal questions. Additionally, this Court has supplemental jurisdiction over related state law claims, Ohio Rev. Code § 4112.01, *et seq*. (the "Ohio Civil Rights Act"), and Plaintiff's Ohio tort law claims, under 28 U.S.C. § 1367.

11. Defendants conduct business across Ohio, including in Greene County, Beavercreek, Ohio. Each Defendant conducts substantial business in the greater Miami Valley region.

12. Venue is proper in this Court in that the discriminatory acts occurred primarily in Beavercreek, Ohio.

13. Standing is appropriate as Turner has been injured by a discriminatory policy and practice of the Defendants, and a favorable ruling will redress his injuries.

14. Wherefore, Plaintiff respectfully requests that this Court take jurisdiction of this Complaint and award such relief as is appropriate under the federal and state Civil Rights Laws and state tort law.

## PARTIES

15. Plaintiff, Leron "Rocky" Turner ("Plaintiff" or "Plaintiff Turner") is a Black, African American male. Plaintiff Turner is a father and resident of Dayton, Ohio. He is a truck driver and youth football coach who routinely volunteers to serve his community. Plaintiff Turner has never given Defendants any reason to deny him hotel lodging or services.

16. Defendant, Marriott International, Inc. (hereinafter "Defendant Marriott" or "Marriott"), is an American hotel company based in Maryland, and incorporated in Delaware. It is one of the largest hotel chains in the United States. Defendant Marriott does business across the United States, including in the State of Ohio, and the Miami Valley region, including in Beavercreek, Ohio. Defendant Marriott is the franchisor for TownPlace Suites by Marriott of Dayton Beavercreek, exercising extensive control over almost all aspects of operations at that location.

17. Defendant, S & G 2, LLC ("Defendant S & G"), is an Ohio limited liability company specializing in hospitality management services. Defendant S & G conducts substantial business across Ohio, in the Miami Valley region and in Beavercreek, Ohio. Defendant S & G is the majority owner of the TownPlace Suites by Marriott of Dayton Beavercreek hotel located at 2677 Fairfield Commons Blvd, Beavercreek, Ohio 45431. In addition to owning said hotel, Defendant S & G also operates and manages said hotel as a franchisee of Marriott.

18. Defendant, 2677 Hospitality LLC ("Defendant 2677"), is an Ohio limited liability company specializing in hospitality management. Defendant 2677 conducts substantial business across Ohio, in the Miami Valley region and in Beavercreek, Ohio. Defendant 2677 co-owns the TownPlace Suites by Marriott of Dayton Beavercreek along with Defendant S & G. In addition to co-owning said hotel, Defendant 2677 also operates and manages said hotel, along with Defendant S & G.

19. The business of Defendant Marriot, Defendant S & G, and Defendant 2677 are subject to laws that regulate the method by which they offer hotel services and accommodations to customers, guests, and prospective customers. These laws include Title II of the Civil

4

Rights Act, the Civil Rights Act of 1866, the Ohio Civil Rights Act, R.C. § 4112.02, and the 13th Amendment to the U.S. Constitution.

20. Defendant, Mohammed Raoof Patel ("Defendant Patel"), is an owner, employee, and/or agent of Defendant Marriott, Defendant S & G, and Defendant 2677. Defendant Patel is a non-Black, South Asian man. Patel's nametag lists him as a "Supervisor" of Defendant Marriott. Patel has an extensive history of denying accommodations and services to prospective Black customers based on their race. Defendant Patel is a racist and insists on operating the hotel without Black people being welcomed as guests.

21. In acting or omitting to act as alleged herein, each Defendant acted through its employees, officers, and/or agents and is liable on the basis of the acts and omissions of its employees, officers, and/or agents.

22. In acting or omitting to act as alleged herein, each employee, officer, or agent of each Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent was subsequently ratified and adopted by one or more Defendants as principal.

23. Defendants are directly liable for the discriminatory practices of their employees, officers, and/or agents.

### FACTS

24. Plaintiff realleges and restates each and every allegation contained in Paragraphs 1 through 23 as if fully restated herein.

25. Plaintiff Turner is a Black, African American male and therefore protected from discrimination on the basis of race.

5

26. Plaintiff Turner is a truck-driver and travel youth football coach. He resides in Dayton, Ohio.

27. His jobs require an extensive amount of travel and lodging. As such, he is, or was before this incident, a proud rewards member of Marriott.

28. Plaintiff Turner has never had any issues with Defendant Marriott related to any of his previous stays.

29. In addition, Plaintiff Turner has family working for Marriott in California.

30. On Super Bowl Sunday 2026, Plaintiff Turner woke up to issues with his HVAC system at his home.

31. The local temperatures on the day in question remained below freezing for most of the day, and a repair of the HVAC system was unlikely as it was Super Bowl Sunday.

32. Plaintiff Turner, wishing to make the best of the day, reserved a room at TownPlace Suites by Marriott Dayton Beavercreek, located at 2677 Fairfield Commons Blvd, Beavercreek, Ohio, 45431 (the "Subject Property").

33. Plaintiff Turner reserved a room with two beds and a small kitchen so that his partner and two minor children would be comfortable, warm, and enjoy dinner during the Super Bowl.

34. Plaintiff Turner booked the room for four days to ensure that his family had options if the temperatures remained below freezing.

35. Plaintiff Turner reserved the room without issue. He went to a local store and purchased food for the evening.

36. As Plaintiff Turner arrived at the Subject Property, he was notified that his reservation was cancelled.

37. Plaintiff Turner attempted to re-book or reserve the room again once inside the lobby.

6

38. Defendant Patel then confronted Plaintiff Turner and told him *he would never be allowed to reserve a room at Defendant Marriott*.

39. Plaintiff Turner asked for additional explanation as to why his reservation was not being honored.

40. Defendant Patel stated:

    A.     "You people" are not allowed to reserve rooms.

    B.     "You people" and "Dayton people like you" smoke weed, do drugs, and drink heavily.

41. Defendant Patel made explicitly clear that Black people from Dayton were not allowed to lodge at the Subject Property.

42. Plaintiff Turner again asked Defendant Patel if Plaintiff Turner had ever been responsible for any damage, weed smoking, or drug activity at any Marriott – a fact that easily could have been surmised since Plaintiff Turner is a rewards member.

43. Defendant Patel continued with his harassing and discriminatory statements. Patel shouted that "You people" are not allowed and that he would contact the Beavercreek Police Department to trespass him and his family from the Subject Property.

44. Defendant Patel contacted Beavercreek Police and they dispatched two officers to the Subject Property.

45. Plaintiff Turner was terrified as he was familiar with Beavercreek Police's interactions with Black people, including the murder of John Crawford III, in the Beavercreek Wal-Mart.

46. Defendant Patel then tried to claim it was a hotel policy that reservations from local residents could not be honored.

7

47. Plaintiff Turner stated that the policy cited would not even apply to his situation because he reserved using his Marriot Rewards membership which is associated with his family member who works for Marriot in California, thus the only reason he was being denied service was the color of his skin.

48. Police responded and began to interview Plaintiff Turner. Turner informed police that Defendants were intentionally excluding him from lodging and services at the hotel.

49. Police then interviewed Defendant Patel. Upon conclusion of the interviews, Beavercreek Police requested that Plaintiff Turner leave the premises to ensure that the tense situation did not escalate.

50. The police officers reiterated the rhetoric of Defendant Patel by telling Plaintiff Turner that Defendants simply "don't want people from Dayton", a city whose population is approximately 40% Black, staying at the Subject Property in Beavercreek, a city with a Black population of approximately 2%.

51. At no point did police accuse Plaintiff Turner of doing anything wrong.

52. Plaintiff Turner was embarrassed and humiliated by the treatment he received for simply attempting to stay at a hotel with his family.

53. Plaintiff Turner next had to face his family and tell his children that their reservation was not being honored because they committed the "crime" of being Black in Beavercreek, Ohio.

54. Plaintiff Turner was able to secure lodging at another local hotel at a higher cost; however, they were unable to secure a kitchen or comparable room on such short notice.

55. Plaintiff Turner and his family have been embarrassed, humiliated, and suffer from emotional distress because of Defendants' discriminatory actions, policies, and practices, which prohibit Black, African Americans from reserving rooms at the Subject Property.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT

## 42 U.S.C. § 2000(a), *et seq.*

### *Public Accommodations Discrimination and Aiding and Inciting Discrimination*

### *On the Basis of Race*

56. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 55 as if fully restated herein.

57. Defendants own and operate an establishment offering lodging accommodations that has an effect on interstate commerce. Said establishment, the Subject Property, is owned and operated by Defendants as a place of public accommodations that is open to the general public.

58. Defendants' conduct, policies, actions, and practices, as alleged herein, deny the full and equal access and enjoyment of lodging accommodations to Black, African American people, including Plaintiff Turner, on the grounds of race and color in violation of 42 U.S.C. § 2000(a).

59. Defendants' conduct, policies, actions, and practices, as alleged herein, deny and deprive Black, African American people, including Plaintiff Turner, the right to lodging accommodations at the Subject Property, in violation of 42 U.S.C. § 2000(a) and 42 U.S.C. § 2000(a)-2.

60. Defendants' conduct, policies, actions, and practices, as alleged herein, intimidates and threatens prospective Black, African American hotel guests, including Plaintiff Turner, by depriving and denying lodging accommodations based on race and falsely reporting prospective Black guests to the police for attempting to exercise their rights to secure lodging at places of public accommodations in violation of 42 U.S.C. § 2000(a) and 42 U.S.C. § 2000(a)-2.

61. Defendants' conduct, policies, actions, and practices, as alleged herein, punishes and attempts to punish prospective Black hotel guests, including Plaintiff Turner, for exercising their rights to access to lodging at places of public accommodations in violation of 42 U.S.C. § 2000(a) and 42 U.S.C. § 2000(a)-2.

62. Defendants' statements indicate a preference, limitation, and prohibition on Black, African Americans from utilizing the Defendant's hotel and services.

63. Such discrimination is also a violation of the Thirteenth Amendment to the United States Constitution.

64. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

<u>**COUNT II – VIOLATION OF THE CIVIL RIGHTS ACT OF 1866**</u>

<u>**42 U.S.C. § 1981, *et seq.***</u>

<u>***An Act to protect all Persons in the United States in their***</u>

<u>***Civil Rights, and furnish the Means of their Vindication***</u>

65. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 64 as if fully restated herein.

66. Defendants' conduct, policies, actions, and practices, as alleged herein, deny Black, African American people, including Plaintiff Turner, the right to make and enforce contracts at the Subject Property in violation of 42 U.S.C. § 1981(a).

67. Defendants' conduct, policies, actions, and practices as alleged herein, deny Black, African American people the right to enjoy the full benefits, privileges, terms, and conditions of contracts at the Subject Property in violation of 42 U.S.C. § 1981(b).

68. In acting as alleged herein, Defendants have injured Plaintiff Turner by impairing his right to make and enforce contracts, and by impairing his right to access the full and equal benefit of hotel lodging and services, in violation of 42 U.S.C. §§ 1981 and 1982.

69. Plaintiff Turner was denied a contract with Defendants based on nothing more than his race.

70. Accordingly, Plaintiff Turner is entitled to relief under 42 U.S.C. §§ 1981,1982 and 1988(a).

71. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

### COUNT III – VIOLATION OF THE OHIO CIVIL RIGHTS ACT

### Ohio Rev. Code § 4112.01, *et seq.*

### *Public Accommodations Discrimination and Aiding and Inciting Discrimination*

### *On the Basis of Race*

72. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 71 as if fully restated herein.

73. Defendants' conduct, policies, actions, and practices, as alleged herein, violate multiple provisions of the Ohio Civil Rights Act, specifically O.R.C. § 4112.02(G) which prohibits

11

proprietors, employees, keepers, or managers of places of public accommodation, such as Defendants, from denying the full enjoyment of public accommodations to prospective guests based on their race or color, among other protected classes.

74. Defendants' conduct, policies, actions, and practices, as alleged herein, deny Black, African American people, including Plaintiff Turner, the right to fully enjoy and access the accommodations, advantages, facilities, and privileges of the Subject Property, a place of public accommodations, in violation of O.R.C. § 4112.02(G).

75. In acting as alleged herein, Defendants have injured Plaintiff Turner by denying him the full and equal enjoyment of the accommodations, advantages, facilities, and privileges of the Subject Property, a place of public accommodations, in violation of O.R.C. 4112.02(G).

76. Plaintiff Turner was denied a room and services because of his race.

77. Defendants' statements indicate a preference, limitation, and prohibition on Black, African Americans from utilizing the Defendant's hotel and services.

78. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

### **COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 78 as if fully restated herein.

80. Defendants' actions were extreme and outrageous. Such actions included making public statements that Black people were not permitted at the hotel and contacting the police department to lodge a false police report against Plaintiff Turner.

81. Said extreme and outrageous actions of Defendants caused Plaintiff Turner and his family severe emotional distress.

82. Defendant Patel either intended to cause Plaintiff Turner severe emotional distress through his discriminatory actions, or he knew that his discriminatory actions would be likely to cause Plaintiff severe emotional distress.

83. Defendants' actions, policies, and practices in denying Plaintiff Turner accommodations based on his race and in making a false police report against Plaintiff Turner were the proximate cause of the severe emotional distress and anguish experienced by Plaintiff Turner and his family.

84. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

## COUNT V – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

85. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 84 as if fully restated herein.

86. Defendants are in the business of providing hotel lodging, accommodations, and services.

87. Defendants owe a duty of reasonable care to hire, train, and supervise employees, agents, and contractors with respect to all applicable laws and regulations.

88. Defendants breached their duty of care by failing to hire, properly train, and supervise employees, agents, and contractors with respect to non-discrimination in accommodations and services.

89. Specifically, Defendants breached that duty by failing to train and supervise Defendant Patel.

90. Defendants further breached that duty by endorsing the discriminatory statements, actions, and policies of Defendant Patel.

91. As a direct and proximate result of Defendants' negligent hiring, training, and supervision of Defendant Patel, and currently unknown employees and agents of the Defendant Marriott, Plaintiff was harmed and therefore entitled to relief.

92. Wherefore, Plaintiff requests compensatory and punitive damages in excess of $25,000, together with costs and reasonable attorney fees, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, due to Defendants' discriminatory conduct, policies, and practices, as described herein, Plaintiff respectfully requests that this Court grant judgment in its favor, and against Defendants, as follows:

A. Declaring that Defendants' actions violate Title II of the Civil Rights Act, Ohio Rev. Code § 4112.01, *et seq.*, the Civil Rights Act of 1866, the 13th Amendment to the United States Constitution, and state tort law;

B. Permanently enjoining Defendants from engaging in the conduct described herein and directing Defendants to take all affirmative steps necessary to remedy the effects of the conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

C. Awarding compensatory and punitive damages in an amount in excess of $25,000.00, together with costs and reasonable attorney fees pursuant to the applicable laws and regulations;

D. Mandate that the Defendants and all of their agents and employees receive training on civil rights laws;

E. Mandate that Defendants adopt a non-discrimination policy, including not discriminating against Black residents of Dayton; and

14

F.  Grant such additional legal and equitable relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable as of right.

Respectfully submitted,

*/s/ Damek P. Mitchell*

C. Jacob Davis (#0101745)
Damek P. Mitchell (#105204)
Nalls Davis
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Fax: (937) 200-7285
Jacob.Davis@nallslaw.com
damek.mitchell@nallslaw.com
*Attorneys for Plaintiff, Leron Turner*

## **CERTIFICATE OF SERVICE**

I hereby certify that service is being made upon Defendants in accordance with the Federal Rules of Civil Procedure. Proof of service will be provided to the Court after service is perfected.

Respectfully submitted,

*/s/ C. Jacob Davis*

C.  Jacob Davis (#0101745)
*Attorney for Plaintiff*

15