**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LERON "ROCKY" TURNER** | : | **CASE NO. 3:26-cv-00096** |
| **Plaintiff,** | : | **Judge Thomas M. Rose** |
| **v.** | : | |
| **MARRIOTT INTERNATIONAL, INC., et al.** | : | **ANSWER OF DEFENDANTS S & G 2, LLC, AND MOHAMMED RAOFF PATEL** |
| **Defendants.** | : | |

Now come Defendants S & G 2, LLC ("S & G 2"), Mohammed Raoof Patel ("Patel"), and 2677 Hospitality, LLC ("2677") (S & G 2 and Patel collectively "Defendants"), by and through counsel, and state the following for the Answer to the Amended Complaint of Plaintiff Leron "Rocky" Turner ("Plaintiff"). Separate motions to dismiss are being filed on behalf of Defendants Marriott International, Inc. ("Marriott") and 2677 Hospitality, LLC ("2677").

## FIRST DEFENSE

1. The allegations in Paragraph 1 are legal in nature and require no response. In the event a response is required, the allegations are denied.
2. Defendants deny the allegations in Paragraph 2.
3. Defendants deny the allegations in Paragraph 3.
4. Defendants deny the allegations in Paragraph 4.
5. Defendants deny the allegations in Paragraph 5.
6. Defendants deny the allegations in Paragraph 6.
7. Defendants deny the allegations in Paragraph 7.
8. The allegations in Paragraph 8 are legal in nature and require no response. In the event a response is required, the allegations are denied.

9. The allegations in Paragraph 9 are legal in nature and require no response. In the event a response is required, the allegations are denied.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit that Defendants S & G 2 and 2677 conduct business in Greene County, Beavercreek, Ohio, and denies the remaining allegations in Paragraph 11.

12. Defendants admit that venue is proper and deny the remaining allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are legal in nature and require no response. In the event a response is required, the allegations are denied.

15. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 15 and, therefore, deny the same.

16. Defendants admit that Marriott is an American hotel company and is the franchisor for Defendant S & G 2, dba as Town Place Suites. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit that Defendant S & G 2 is an Ohio limited liability company and is the owner and operator of Town Place Suites, which manages Town Place Suites as a franchisee of Marriott. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that Defendant 2677 is an Ohio limited liability company which owns the real property on which Town Place Suites is located and conducts business in Beavercreek, Ohio. Defendants deny the remaining allegations in Paragraph 18.

19. The allegations in Paragraph 19 are legal in nature and require no response. In the event a response is required, the allegations are denied.

20. Defendants admit that Patel is a non-Black, South Asian man and deny the remaining allegations in Paragraph 19.
21. Defendants deny the allegations in Paragraph 21.
22. Defendants deny the allegations in Paragraph 22
23. Defendants deny the allegations in Paragraph 23.
24. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 24.
25. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 25 and, therefore, deny the same.
26. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 26 and, therefore, deny the same.
27. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 27 and, therefore, deny the same.
28. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 28 and, therefore, deny the same.
29. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 29 and, therefore, deny the same.
30. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 30 and, therefore, deny the same.
31. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 31 and, therefore, deny the same.
32. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 32 and, therefore, deny the same.

33. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 33 and, therefore, deny the same.
34. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 34 and, therefore, deny the same.
35. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 35 and, therefore, deny the same.
36. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 36 and, therefore, deny the same.
37. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 37 and, therefore, deny the same.
38. Defendants deny the allegations in Paragraph 38.
39. Defendants deny the allegations in Paragraph 39.
40. Defendants deny the allegations in Paragraph 40.
41. Defendants deny the allegations in Paragraph 41.
42. Defendants deny the allegations in Paragraph 42.
43. Defendants deny the allegations in Paragraph 43.
44. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 44 and, therefore, deny the same.
45. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 45 and, therefore, deny the same.
46. Defendants admit there is a hotel policy that certain discounted reservations from local residents are not permitted and deny the remaining allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47 that the only reason Plaintiff was denied service was the color of his skin. Further answering, Defendants are without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 47 and, therefore, deny the same.
48. Defendants admit that police responded and are without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 48 and, therefore, deny the same.
49. Defendants admit that police interviewed Patel and are without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 49 and, therefore, deny the same.
50. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 50 and, therefore, deny the same.
51. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 51 and, therefore, deny the same.
52. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 52 and, therefore, deny the same.
53. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 53 and, therefore, deny the same.
54. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 54 and, therefore, deny the same.
55. Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 55 and, therefore, deny the same.

## COUNT I
## 42 U.S.C. § 2000(a), *et seq.*

56. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 56.
57. Defendant S & G 2 admits that it owns and operates an establishment offering lodging accommodation that has an effect on interstate commerce and that Town Place Suites is a place of public accommodation that is open to the general public. Defendants deny the allegations in Paragraph 57 relating to Defendants Marriott, Patel, and 2677.
58. Defendants deny the allegations in Paragraph 58.
59. Defendants deny the allegations in Paragraph 59.
60. Defendants deny the allegations in Paragraph 60.
61. Defendants deny the allegations in Paragraph 61.
62. Defendants deny the allegations in Paragraph 62.
63. Defendants deny the allegations in Paragraph 63.
64. Defendants deny the allegations in Paragraph 64.

## COUNT II
## 42 U.S.C. § 1981, *et. seq*.

65. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 65.
66. Defendants deny the allegations in Paragraph 66.
67. Defendants deny the allegations in Paragraph 67.
68. Defendants deny the allegations in Paragraph 68.
69. Defendants deny the allegations in Paragraph 69.
70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

**COUNT III**
**O.R.C. § 4112.01, *et seq.***

72. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 72.
73. Defendants deny the allegations in Paragraph 73.
74. Defendants deny the allegations in Paragraph 74.
75. Defendants deny the allegations in Paragraph 75.
76. Defendants deny the allegations in Paragraph 76.
77. Defendants deny the allegations in Paragraph 77.
78. Defendants deny the allegations in Paragraph 78.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 79.
80. Defendants deny the allegations in Paragraph 80.
81. Defendants deny the allegations in Paragraph 81.
82. Defendants deny the allegations in Paragraph 82.
83. Defendants deny the allegations in Paragraph 83.
84. Defendants deny the allegations in Paragraph 84.

**COUNT V**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

85. Defendants incorporate the preceding admissions and denials as if fully restated in response to Paragraph 85.
86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny each and every other allegation in Plaintiff's Amended Complaint not specifically admitted herein.

**SECOND DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Amended Complaint is barred by the doctrines of waiver, estoppel, unclean hands, unconscionability, laches, and/or bad faith.

**FOURTH DEFENSE**

The Plaintiff's right to recovery, if any, is barred for failure to mitigate and/or minimize his damages.

**FIFTH DEFENSE**

The Amended Complaint is barred, in whole or part, by the applicable statutes of limitation.

**SIXTH DEFENSE**

The Amended Complaint is barred because the Plaintiff lacks standing.

**SEVENTH DEFENSE**

The Plaintiff failed to join the real party in interest.

**EIGHTH DEFENSE**

The relief sought in the Amended Complaint cannot be awarded because Defendants have not engaged in any unlawful discriminatory practices.

**NINTH DEFENSE**

The Amended Complaint against Defendant Patel fail because he does not operate Town Place Suites as a place of public accommodation.

**TENTH DEFENSE**

The Amended Complaint fails because there were legitimate, non-discriminatory neutral business reasons for cancelling Plaintiff's reservation.

**ELEVENTH DEFENSE**

The Amended Complaint fails because the alleged harm is speculative and/or de minimus.

**TWELTFTH DEFENSE**

Plaintiff failed to exhaust his administrative remedies or satisfy applicable administrative prerequisites to suit.

**THIRTEENTH DEFENSE**

The Amended Complaint fails because Plaintiff was not treated differently because of his race.

**FOURTEENTH DEFENSE**

The Amended Complaint fails because there is no evidence of discriminatory intent or causation.

**FIFTEENTH DEFENSE**

The Amended Complaint fails because the alleged conduct was not reflective of a discriminatory policy or custom, and any actions taken by Defendants were based on legitimate and nondiscriminatory reasons.

**SIXTEENTH DEFENSE**

Plaintiff's claim of negligent hiring, training, and supervision fails because S & G 2 exercised ordinary care in hiring, training, and supervision.

**SEVENTEENTH DEFENSE**

Plaintiff's claim for negligent hiring, training, and supervision fails because Patel's conduct was unforeseeable.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for negligent hiring, training, and supervision fails because there is no causal link between the alleged negligence and Plaintiff's injury.

**NINETEENTH DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because there was no "extreme" or "outrageous" conduct.

**TWENTIETH DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because the conduct does not go beyond all possible bounds of decency.

**TWENTY-FIRST DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because no Defendant intended to cause Plaintiff emotional distress.

**TWENTY-SECOND DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because Defendant acted for legitimate business reasons.

**TWENTY-THIRD DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff's distress was not debilitating or severe such that a reasonable person could not cope.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claim for intentional infliction of emotional distress fails because it is duplicative of Plaintiff's racial discrimination claims.

**TWENTY-FIFTH DEFENSE**

One or more of Plaintiff's claims against Defendants fail because ORC Chapter 4112 does not impose individual liability for the alleged conduct.

**TWENTY-SIXTH DEFENSE**

One or more of Plaintiff's claims against Defendants fail because an employee acting strictly within the normal scope of their duties cannot aid and abet their own corporate employer's standard personnel decisions.

**TWENTY-SEVENTH DEFENSE**

Defendants acted in good faith and in compliance with applicable law.

**TWENTY-EIGHTH DEFENSE**

Plaintiff did not suffer recoverable damages, or any damages were caused by factors unrelated to Defendants.

**TWENTY-NINTH DEFENSE**

Plaintiff is not entitled to punitive damages as a matter of law.

**THIRTIETH DEFENSE**

Any damages recoverable by Plaintiff are subject to applicable statutory caps and limitations.

**THIRTY-FIRST DEFENSE**

Defendants assert all applicable defenses available under the applicable federal rules of civil procedure, including but not limited to defenses under Civ R. 8, 9, and 12, and any other applicable law.

**THIRTY-SECOND DEFENSE**

Defendants reserve the right to amend this Answer to assert additional defenses as they become known.

WHEREFORE, Defendants respectfully request that the Court:

a. Dismiss the Plaintiff's Amended Complaint at Plaintiff's cost;

b. Enter judgment in Defendants' favor;

c. Award costs of this action to Defendants; and

d. Grant such other relief to which Defendants may be entitled in law or in equity.

Respectfully submitted,

By: */s/ Dina M. Cary*
David P. Pierce (0061972) (Trial Attorney)
Dina M. Cary (0068237)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pierce@coollaw.com
cary@coollaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2026, a copy of the foregoing document was served electronically on the date of filing through the Court's ECF system and on all ECF participants registered in this case.

C. Jacob Davis, Esq.
Damek P. Mitchell, Esq.
Nalls Davis
33 White Allen Avenue
Dayton, OH 45405
Jacob.Davis@nallslaw.com
Damek.Mitchell@nallslaw.com
*Attorneys for Plaintiff*

*/s/ Dina M. Cary*
Dina M. Cary (0068237)

4936-8473-3892.1